UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DOUGLAS OAKLEY, NEILL RINKER, JOYCE COGSWELL, DONALD CHARLES COGSWELL, JOHNNIE COLLEY, PEARLIE COOLEY, GLENDA OAKLEY, ANTHONY RITCHIE, RHONDA RITCHIE, and INTERNATIONAL UNION, UAW, <br> Plaintiff, <br><br> vs. <br><br> REMY INTERNATIONAL, INC., <br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | 1:10-cv-166-JMS-TAB |

**ORDER ON PLAINTIFFS' MOTIONS TO AMEND COMPLAINT
AND FOR AN EXTENSION OF TIME**

Plaintiffs moved to amend their complaint and for additional time to conduct discovery and respond to Defendant's summary judgment motion. For the following reasons, the Court grants Plaintiffs' motions. [Docket Nos. 37, 40.]

**I. Motion to amend complaint**

Plaintiffs moved to amend their complaint to add a claim for life insurance benefits and to plead newly discovered facts supporting their claim for health benefits. [Docket No. 37.] Defendants oppose the amendments, characterizing them as "procedural gamesmanship" and claiming that the proposed amendments "neither add parties nor claims, nor otherwise affect[] the legal analysis the Court is obligated to apply in determining the parties' contractual rights under the 1997 CBA." [Docket No. 42 at 3.]

Plaintiffs' amendments fall within the Case Management Plan's September 2, 2010, deadline to amend pleadings. And Defendant's argument that Plaintiffs' motion to amend is a

"roadblock . . . grounded in dilatory motive" falls short because Defendant believes that Plaintiffs already made a life insurance claim and concedes that the "proposed amendment does not . . . change the analysis the Court must undertake when reviewing [Defendant's] Motion for Summary Judgment." [Docket No. 42 at 4, 8.] Finally, the Court rejects Defendant's argument that adding allegations related to extrinsic evidence is futile until after the Court determines whether the agreement is ambiguous. As explained below, extrinsic evidence is relevant to whether a contract contains a latent ambiguity, which can be raised in opposition to summary judgment. The Court therefore grants Plaintiffs' motion to amend, and the proposed amended complaint filed with their motion shall be docketed as of September 2, 2010.

## II.     Motion for extension of time

Plaintiffs also moved for a sixty-day extension to conduct discovery and respond to Defendant's summary judgment motion. [Docket No. 40.] Defendant opposes an extension, arguing that Plaintiffs' request failed to comply with Federal Rule of Civil Procedure 56(f), and that even if it had, Plaintiffs need no discovery to respond to summary judgment in a case controlled by the language of the parties' contract.

As to Defendant's Rule 56(f) argument, it is true that Plaintiffs omitted an affidavit explaining why they had not pursued discovery. But Defendant's summary judgment motion came less than two months after entry of the Case Management Plan and well before the February 2011 discovery deadline. Defendant, of course, may move for summary judgment at any time, but such an early motion creates the possibility of a 56(f) continuance. Moreover, Plaintiffs' request for an extension explained what they needed to discover before responding to summary judgment—documents proving that Defendant had an obligation to provide Plaintiffs

2

with lifetime benefits. [Docket No. 39 at 3.] The Court therefore considers Plaintiffs' request despite its failure to technically comply with Rule 56(f).

Defendant argues that Plaintiffs have no need of extrinsic evidence because the contract controls, and any patent ambiguities would be apparent from reading the contract. [Docket No. 45 at 7.] Although Defendant is correct about patent ambiguities, its argument fails to adequately address latent ambiguities—those which are not obvious on the face of the contract but appear to a reader who understands the parties' dispute.[1] *Rossetto v. Pabst Brewing Co.*, 217 F.3d 539, 542 (7th Cir. 2000) ("A latent ambiguity is an ambiguity (that is, something that makes it possible to interpret a document reasonably in more than one way) that is recognized as such only when a contract clear on its face—clear, that is, to the uninformed reader—is applied to a particular dispute."). Plaintiffs have presented some objective evidence suggesting that the parties' language means something other than what it seems. Plaintiffs refer to documents from March and April 2003 in which Remy acknowledged that its obligation to provide retiree insurance would not terminate. [Docket No. 39 at ¶ 7.] Plaintiffs also note that Defendant provided the benefits at issue in this case for nearly seven years beyond when it now claims it had to. [*Id.* at ¶ 10.] This evidence suggests a latent ambiguity, and Plaintiffs are entitled to discovery so they can fully develop an argument addressing latent ambiguity in their summary judgment response.

---

[1]The Seventh Circuit's favorite example of a latent ambiguity is *Raffles v. Wichelhaus*, 2 H. & C. 906, 159 Eng. Rep. 375 (Ex. 1864), in which parties contracted for a ship named *Peerless* to transport cotton. All was smooth sailing until the parties realized that the *Peerless* wasn't "peerless," making the contract ambiguous and permitting the use of extrinsic evidence—the existence of more than one *Peerless* at the same dock—for contract interpretation.

### III. Conclusion

Plaintiffs' motion to amend their complaint [Docket No. 37] is granted, and the proposed amended complaint filed with their motion shall be docketed as of September 2, 2010. Plaintiffs' motion for extension of time [Docket No. 40] is also granted. Plaintiffs shall conduct discovery and respond to Defendant's summary judgment motion by January 10, 2011, and Defendant shall reply by January 24, 2011.

Dated: 11/08/2010

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Philip John Gutwein II
BAKER & DANIELS - Indianapolis
philip.gutwein@bakerd.com

Krissy A. Katzenstein
BAKER & DANIELS - Indianapolis
krissy.katzenstein@bakerd.com

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com

Jeffrey A. Macey
MACEY SWANSON & ALLMAN
jmacey@maceylaw.com

Michael John Nader
BAKER & DANIELS
michael.nader@bakerd.com

Andrew A. Nickelhoff
SACHS WALDMAN P.C.
anickelhoff@sachswaldman.com

Marshall J. Widick
SACHS WALDMAN P.C.
mwidick@sachswaldman.com