UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOYCE COGSWELL, | ) |
| DONALD CHARLES COGSWELL, | ) |
| JOHNNIE COOLEY, | ) |
| PEARLIE COOLEY, | ) |
| NEIL RINKER, | ) |
| DOUGLAS OAKLEY, | ) |
| GLENDA OAKLEY, | ) |
| ANTHONY RITCHIE, | ) |
| RHONDA RITCHIE, | ) |
| INTERNATIONAL UNION, UAW, | ) |
| | ) |
| Plaintiffs, | ) |
| vs. | ) NO. 1:10-cv-00166-JMS-MJD |
| | ) |
| REMY INTERNATIONAL, INC., | ) |
| | ) |
| Defendant. | ) |

**Entry Denying Defendant's Motion to Strike Plaintiff's Jury Demand**

This matter comes before the Court on Defendant Remy International Inc's Motion to Strike Plaintiffs' Jury Trial Demand [Dkt. 88]. For the following reasons, the Court hereby **DENIES** Remy's Motion.

## I. Background

This case involves Plaintiffs'—a group of retirees, their spouses, and their union—claim that Remy wrongfully terminated Plaintiffs' health and life insurance benefits after their collective bargaining agreement ("CBA") expired. The retirees worked at Remy's Anderson Indiana plant, retiring between 1998 and 2003. Remy closed the Anderson plant in March 2003.

At the time of each retiree's retirement, a 1997 CBA was in effect, which included two supplemental agreements governing health and life insurance benefits. The 1997 CBA expired

on March 31, 2003, but Remy continued to provide health and life insurance benefits to the Plaintiffs until 2009, at which time Remy notified Plaintiffs that it would discontinue the benefits.

This action is the result of the consolidation of two matters. On February 9, 2010, Remy filed suit seeking a declaratory judgment that it had authority to adopt amendments that terminated or reduced Plaintiffs' benefits, that its amendments did not violate the Employee Retirement Income Security Act ("ERISA") or the Labor-Management Relations Act ("LMRA"), and that Remy did not breach any duties to Plaintiffs. On April 5, 2010, Plaintiffs commenced suit against Remy under the LMRA and ERISA. Plaintiffs seek a declaratory judgment, preliminary and permanent injunctive relief, damages and interest for any losses Plaintiffs incurred as a result of Remy's elimination of their benefits, plus attorney fees, punitive damages, and costs. On July 16, 2010, the Court consolidated the two cases. Both Plaintiffs' original Complaint and their Amended Complaint contain a jury demand.

## II. Discussion

In support of its Motion, Remy primarily argues that Plaintiffs seek an injunction, which is an equitable remedy not entitling Plaintiffs to a right to trial by jury. [Dkt. 89 at 3]. In response, Plaintiffs argue that they seek monetary damages, a legal remedy, thereby entitling them to a jury trial upon demand. [Dkt. 94 at 3]. The Seventh Amendment provides that "[i]n suits at common law …the right of trial by jury shall be preserved…." U.S. Const. amend. VII. While seemingly straightforward, the phrase "in suits at common law" occasionally proves difficult to apply. Generally, the phrase refers to suits where legal rights are ascertained and determined as opposed to those involving only equitable rights and remedies. *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990).

The United States Supreme Court has set forth a two-step analysis to determine whether a claim involves legal rights entitling a party to a jury trial. At step one, the court "'compare[s] the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity.'" *Id.* at 565 (quoting *Tull v. United States*, 481 U.S. 412, 417-18 (1987)). Upon return from the 18th-century, the court, at step two, "'examine[s] the remedy sought and determine[s] whether it is legal or equitable in nature.'" *Id.* The second step is the more important step in the analysis. *Id.*

In analyzing the remedies, the general rule is that money damages are legal remedies. *Id.* at 570. To muddy the waters, however, the Supreme Court noted two exceptions to this general rule. First, money damages may be characterized as equitable where they are restitutionary in nature. *Id.* Second, monetary awards may be equitable when they are "'incidental to or intertwined with injunctive relief.'" *Id.* at 571 (quoting *Tull,* 481 U.S. at 424).

At step one, the Seventh Circuit has determined that, generally, there is no right to a jury trial for an ERISA claim because "'ERISA's antecedents are equitable,' not legal." *McDougall v. Pioneer Ranch Ltd. P'ship*, 494 F.3d 571, 576 (7th Cir. 2007) (quoting *Mathews v. Sears Pension Plan*, 144 F.3d 461, 468 (7th Cir. 1998)). Conversely, under § 301 of the LMRA, claims that an employer breached a CBA are comparable to a common law claim for breach of contract. *See Terry*, 494 U.S. at 570. Thus, Plaintiffs' LMRA claim for breach of the CBA is comparable to a breach of contract claim, which supports Plaintiffs' right to a jury trial.

At step two, Plaintiffs seek both damages for breach of the CBA and injunctive relief. [Dkt. 50 ¶ 1]. Remy argues that, because Plaintiffs seek injunctive relief that would reinstate their benefits, Plaintiffs' monetary damages are incidental to and intertwined with the injunction itself. [Dkt. 89 at 6]. The Seventh Circuit addressed an almost identical situation in *Senn v.*

*United Dominion Indus., Inc.*, 951 F.2d 806 (7th Cir. 1992). In *Senn*, the plaintiffs brought a claim under § 301 of the LMRA seeking both declaratory and injunctive relief as well as monetary damages. *Id.* at 811. The court upheld the right to a jury trial on the issue of whether defendants breached the CBA in violation of LMRA and ERISA. *Id.* at 814. The court noted that the claim for monetary relief could be characterized as incidental but explained that "'[i]t is well settled that when legal and equitable relief are separately authorized by statute, and the legal claim is joined with the equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact.'" *Id.* at 813-14 (quoting *Tull*, 481 U.S. at 424-25).

Remy argues that *Senn* misapplies the Supreme Court's two-step analysis and is non-binding dicta. [Dkt. 99 at 7]. At the risk of being accused by Remy of failing to apprehend the controlling law, the Court disagrees. First, the Court finds *Senn* to be binding precedent, which this Court must follow.[1] Second, the Court finds *Senn* persuasive, even if, as Remy alleges, it is not binding precedent. Plaintiffs have claimed both legal and equitable theories of recovery. Remy would have this Court focus only on the equitable aspect of the remedy and ignore the damages part as merely incidental.[2] Remy argues that Plaintiffs cannot be entitled to any monetary relief under the LMRA without first being awarded an injunction requiring Remy to reinstate the Plans. [Dkt. 99 at 1]. While that may be the case, the ultimate issue is whether Remy breached the CBA, which is a legal claim.[3] The Plaintiffs have alleged a claim comparable to a breach of contract claim, which is a legal issue, and have sought legal relief in

---

[1] The Seventh Circuit has cited *Senn* for the proposition that when a party seeks both legal and equitable relief, the defendant has a right to demand a jury trial. *See SEC v. Lipson*, 278 F.3d 656, 662 (7th Cir. 2002).

[2] Remy cites two cases for the proposition that LMRA claims that are equitable in nature do not entitle plaintiffs to a jury trial. Both cases are distinguishable from the present case because neither sought monetary damages. *See Meredith v. Allsteel, Inc.*, No. 92 C 1856, 1994 WL 383925 at *4 (N.D. Ill. July 19, 1994); *Oil, Chem. & Atomic Workers' Int'l v. Amoco Corp.*, No. 93 C 5929, 1996 WL 563447, at *1 (N.D. Ill. Sept. 27, 1996).

[3] This Court has already determined that the CBA is ambiguous; thus, requiring a trial to make the determination as to whether Remy could terminate the retirees' benefits. [Dkt. 75 at 13].

the form of monetary damages. Therefore, the Court finds that, under both steps of the analysis, Plaintiffs are entitled to a jury trial on that claim.

### III. Conclusion

For the above stated reasons, this Court hereby **DENIES** Remy's Motion to Strike Plaintiffs' Jury Demand. [Dkt. 88].

Dated: 10/31/2011

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution List:

Christina L. Clark
BAKER & DANIELS - Indianapolis
christina.clark@bakerd.com

Philip John Gutwein II
BAKER & DANIELS - Indianapolis
philip.gutwein@bakerd.com

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com

Jeffrey A. Macey
MACEY SWANSON & ALLMAN
jmacey@maceylaw.com

Robert D. Moreland
BAKER & DANIELS
rdmorela@bakerd.com

Michael John Nader
BAKER & DANIELS
michael.nader@bakerd.com

Andrew A. Nickelhoff
SACHS WALDMAN P.C.
anickelhoff@sachswaldman.com

Marshall J. Widick

5

SACHS WALDMAN P.C.
mwidick@sachswaldman.com